**United States Court of Appeals**

**Fifth Circuit**

**F I L E D**

**February 6, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 06-10270
Summary Calendar

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

versus

RESOURCE DEVELOPMENT INTERNATIONAL LLC, ET AL.,

Defendants,

LAWRENCE J. WARFIELD,

Defendant-Appellee,

versus

RICHARD DANESI,

Plaintiff-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(3:02-CV-605)

Before DeMOSS, STEWART, and PRADO, Circuit Judges.

PER CURIAM:*

Richard Danesi appeals the denial of his Motion to Purge himself of Contempt. For the

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

following reasons, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This case involves a Securities and Exchange Commission ("SEC") enforcement action against various parties involved in a fraudulent Ponzi scheme. In 2002, the SEC appointed a Receiver to collect, receive, and take exclusive custody, control, and possession of the fraudulently acquired funds so that they may be returned to defrauded investors. Danesi received the receivership order in 2004, under which he was directed to deliver $1,800,015.50 in receivership assets in his possession or control, and, or in the alternative, surrender all accounting of those assets to the Receiver.

On November 15, 2004, the district court held Danesi in contempt for failing to comply with the receivership order. Subsequently, Danesi hired an accounting firm, which provided the court with their findings in regard to Danesi's assets. On January 14, 2005, Danesi filed a motion to purge himself of contempt. On January 18, 2005, the Receiver filed a report outlining deficiencies in Danesi's new accountings. On January 25, 2005, the district court denied Danesi's motion, holding that deficiencies existed in his new accountings of receivership assets.

On November 9, 2005, the Receiver filed a report informing the court that Danesi, who was free on a medical furlough, still had not complied with the court's contempt order. In December of 2005, Danesi provided a supplemental accounting and filed a second motion to purge himself of contempt. Danesi also requested the opportunity to present his supplemental accountings to the court and the opportunity for his accountants to meet with the Receiver to discuss the accountings. On February 3, 2006, the Receiver met with Danesi's accountants to review the documents. Following the meeting, the Receiver filed a report with the district court arguing that the supplemental accountings still contained major deficiencies. On March 2, 2006, the district court conducted a

2

hearing on Danesi's motion, where it heard testimony from both parties. On March 15, 2006, the district court denied Danesi's motion, holding that after reviewing the arguments and authorities submitted by both parties, it had concluded that Danesi had failed to account for "at least $1,335,470" of receivership assets. Among other findings, the district court concluded that the testimony of Danesi's head accountant, Sharon McNair, that he had fully complied with the contempt order was not credible. Danesi appeals the district court's ruling on his second motion to purge himself of contempt to this court.

## II. STANDARD OF REVIEW

We review an order of contempt for abuse of discretion, and we review the district court's underlying fact findings under the clearly erroneous standard of FED R. CIV. P. 52(a). *Federal Deposit Insurance Corporation v. LeGrand*, 43 F.3d 163, 166 (5th Cir.1995).

## III. DISCUSSION

"A party commits contempt when he violates a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order." *Securities and Exchange Commission v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir.1981). In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence. *Petroleos Mexicanos v. Crawford Enterprises, Inc.*, 826 F.2d 392, 401 (5th Cir.1987). The clear and convincing evidence standard is higher than the "preponderance of the evidence" standard, common in civil cases, but not as high as "beyond a reasonable doubt." *United States v. Rizzo*, 539 F.2d 458, 465 (5th Cir.1976).

Danesi argues that he is unable to comply with the contempt order despite his good faith efforts. He relies primarily on *United States v. Rizzo*, 539 F.2d at 465-66, where this court held that

3

clear and convincing evidence of contempt was lacking where an individual testified under oath that he was unable to produce records despite his good faith efforts. *Rizzo* is not analogous to these facts. In *Rizzo*, a doctor, pursuant to an Internal Revenue Service investigation, was ordered to disclose his patient cards. The doctor turned over 1,929 patient cards. Subsequently, the IRS concluded that it was missing cards for 142 patients and sought to have the doctor held in contempt. The doctor turned over 216 additional cards and testified that he did not make cards for each and every patient and that this could possibly explain the missing cards. Nonetheless, the district court placed the doctor in contempt. This court reversed, holding that there was no clear and convincing evidence that the cards requested even existed, and that the doctor and his subordinate's efforts to cooperate were reasonable and in good faith. *Id*. In contrast, here, there is no question that the evidence in question, namely the receivership funds, exist or existed at some point in time. Rather, the dispute centers on whether Danesi has the present ability to produce the funds, or in the alternative, secure documents to account for their use and corroborate his statements.

Danesi has made some efforts to comply with the contempt order, including the hiring of an accountant, producing some documents and financial records, however, the district court concluded that his efforts did not go far enough. For instance, the district court found the argument that Danesi could not provide credit card records for certain transactions because the records were no longer available unconvincing. In the asset protection context, an analogous situation, where parties often argue that the location of funds in a particular trust or foreign jurisdiction prevents them from satisfying a judgment, the Ninth Circuit has held that "the burden on the party asserting an impossibility defense will be particularly high because of the likelihood that any attempted compliance with the court's orders will be merely a charade rather than a good faith effort to comply." *FTC v.*

4

*Affordable Media, LLC*, 179 F.3d 1228, 1241 (9th 1999); see also *United States v. Rylander*, 460 U.S. 752, 758 (1983) (quoting *McPhaul v. United States*, 364 U.S. 372, 379 (1960)) ("Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production.").

Based on our review of the record, the district court did not abuse its discretion by holding that Danesi's purported accountings did not comply with the receivership order. From our review of the record, there is clear and convincing evidence that Danesi has failed to comply. For example, despite the court's requests and claims that he has no assets, Denesi has failed to produce documentation to the district court regarding the source of the more than $75,000 he used to pay accounting fees.

Danesi also argues that he has received no guidance from the district court as to how he can comply, however, the record indicates that the district court *has* provided him with sufficient guidance on how to comply with the receivership order. In its January 25, 2005 order, the district court directed Danesi to the January 18, 2005 Receiver report, which contained detailed deficiencies in Danesi's accountings. Additionally, in its March 15, 2006 order, the district court gave further detailed descriptions of the deficiencies Danesi needed to satisfy in order to purge himself of contempt.

## IV. CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court.

AFFIRMED.